

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**SCOTT R. GREEN**
PARTNER
(516) 357-3139
scott.green@rivkin.com

October 16, 2018

**VIA ECF**

Hon. Pamela K. Chen
U.S. District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   Vargas, et al v Bay Terrace Plaza, et al.
             Docket No. 1:17-cv-07385-PKC-SJB
             RR File No.:  006283-00006

Your Honor:

     Pursuant to Your Honor's Individual Motion Practice and Order dated April 10, 2018, we write on behalf of Defendants Bay Terrace Plaza LLC, ("Bay Terrace") Steve Menexas, and Daniel Steinberger (collectively, "Defendants") to request an Order pursuant to the Fed. R. Civ. P. 12(b) and 9 U.S.C. §§ 3 and 4 to compel arbitration and stay proceedings, together with such other, further and different relief as this Court may deem just and proper in the circumstance and cost and disbursements of this letter motion.

### PRELIMINARY STATEMENT

     Bay Terrace is a full service restaurant doing business as Allora Italian Kitchen & Bar in Bayside, New York.  Bay Terrace employed Plaintiffs Cesar Tello Vargas and Leandro Rivera ("Plaintiffs") as food runners and bussers.  Bay Terrace maintained detailed electronic time records and payroll for all employees.  Plaintiffs' Complaint alleges that Defendants failed to provide them with overtime compensation, as well as wage notices and wage statements as required by the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  Plaintiffs' theory is that they performed "off the clock" work, notwithstanding the sophisticated time and attendance tracking system maintained by the Defendants and used to ensure that all employees are paid in full for all hours worked.

Hon. Pamela K. Chen

October 16, 2018
Page | 2

Nevertheless, Plaintiffs are parties to a binding Arbitration Agreement ("Arbitration Agreement") with Defendants that covers this dispute. Indeed, during the course of their employment, Plaintiffs agreed to submit all employment-related claims, specifically including those they assert in their Complaint, to binding arbitration. This Court should enforce the Arbitration Agreement, issue a "stay," and compel Plaintiffs to arbitrate their claims.

## PROCEDURAL HISTORY

Plaintiffs' commenced this action on or around December 12, 2017 alleging various violations arising from their employment with Bay Terrace. Cmplt at Exhibit A. Bay Terrace timely filed an Answer and denied all of Plaintiffs' material allegations. *See* Exhibit B - Answer, dated April 19, 2018. Pursuant to Your Honor's individual practice rules, the Defendants' filed a letter requesting a pre-motion conference on March 20, 2018 to address Defendants' anticipated motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"). *See* Pre-Conference letter, dated March 20, 2018, annexed hereto as Exhibit C. Your Honor denied the Defendants' request as unnecessary and entered a briefing schedule originally directing the Defendants to file a motion to compel arbitration "in letter form" by July 31, 2018. *See* Order dated April 10, 2018.[1]

The parties thereafter engaged in settlement discussions prolonging this instant letter motion. During the September 21, 2018 settlement conference, the parties could not reach an amicable resolution. *See* Minute Entry, dated September 21, 2018. The Court thereafter Ordered a revised scheduling order. *See* Order, dated September 25, 2018. Currently the letter motion is due by October 16, 2018, the opposition is due by October 30, 2018 and the reply is due by November 6, 2018. *Id.*

## STATEMENT OF RELEVANT FACTS

In the December 12, 2017 complaint, Plaintiffs' alleged Defendants failed to provide wage notices as required under the NYLL and that they worked "off the clock" resulting in overtime liability. *See* Compl. at ¶ 38. Specifically, Plaintiff Vargas alleged that Bay Terrace employed him from on or around April 2017 to July 2017 as a food runner, expediter, busser, and cleaner. *Id.* at ¶ 33. During his employment, Plaintiff Vargas alleges he worked 54 to 64 hours a week and Bay Terrace improperly paid him at an average of 30 hours a week at a rate of $7.50 an hour plus tips. *Id.* at ¶ 34. In typical fashion, Plaintiff Rivera makes nearly identical allegations. *Id.* at ¶¶39-43. He alleges during his employment between November 2016 and July 2017 he worked between 50 and 57 hours at a rate of $7.50 an hour plus tips. *Id.* Plaintiffs' make these allegations although Bay Terrace maintains a sophisticated time and attendance tracking system to ensure that all employees are paid in full for all hours worked.

---

[1] The Docket report is attached here as Exhibit D, for ease of reference to text only Orders and minute notes.

9 Thurlow Terrace
Albany, NY 12203-1005
T 518.462.3000 F 518.462.4199

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

Hon. Pamela K. Chen

October 16, 2018
Page | 3

Both Plaintiffs' signed and agreed to resolve any disputes arising from their employment with Bay Terrace in binding arbitration. *See* Arbitration Agreement, annexed hereto as Exhibit E. The arbitration agreements signed by Plaintiff Vargas and Plaintiff Rivera are identical and each party agreed to submit any and all disputes arising from their employment with Bay Terrace to binding arbitration. *Id.* The arbitration agreement states specifically:

> By their signatures below, the parties hereto agree that any and all controversies, disputes, or **claims arising out of Employee's employment at Bay Terrace Plaza LLC** d/b/a Allora Italian Kitchen and Bar ("Employer"), whether contractual, in tort, or based upon statute, shall be exclusively decided by binding arbitration held pursuant to the Federal Arbitration Act ("FAA") before the American Arbitration Association ("AAA") in New York County . . . and that the arbitrators shall be permitted to award any relief available in a court of law . . . Claims subject to arbitration, include, without limitation, claims arising under . . . the Fair Labor Standards Act of 1938 . . . the New York Minimum Wage Act, the New York Payment of Wages Law, any other applicable New York wage and overtime laws . . . arising out of or related to Employee's employment with, and/or the termination of his or her employment by, Employer . . .

Plaintiff Rivera signed this arbitration on December 3, 2016 and Plaintiff Vargas signed this arbitration agreement on April 7, 2017. *Id.* The arbitration agreement explicitly mandated both Plaintiffs' submit any disputes arising out of their employment with Bay Terrace to binding arbitration. *Id.*

## ARGUMENT

A.   The FAA and Supreme Court Mandates Arbitration of Plaintiffs' Claims

This Court should require that the Plaintiffs' pursue their claims in arbitration as they have entered into a binding Arbitration Agreement. The Federal Arbitration Act, Congress, and the Supreme Court have made clear – arbitration agreements such as these are binding. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018). "Congress has instructed federal courts to enforce arbitration agreements according to their terms – including terms provided for individualized proceedings." *Id.* The Supreme Court further reiterated the FAA's embodiment of the "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. l, 24 (1983). "The overarching purpose of the FAA, evident in the text of [9 U.S.C.A. ]§§ 2, 3, and 4, is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 335 (2011). Furthermore, class and collective action waivers in arbitration agreements are lawful and **must be enforced** under the FAA and Supreme Court precedent. *Epic Sys. Corp.*, 138 S. Ct. at 1619.

Compelling the Plaintiffs' to arbitrate their claims is consistent with the history and text of the FAA. *See id.* Congress adopted the FAA in response to a perception that courts were unduly hostile to arbitration. *Id.* Notably, "in Congress's judgment arbitration had more to offer than courts

9 Thurlow Terrace
Albany, NY 12203-1005
T 518.462.3000 F 518.462.4199

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

Hon. Pamela K. Chen

October 16, 2018
Page | 4

recognized—not least the promise of quicker, more informal, and often cheaper resolution for everyone involved." *Epic Sys. Corp.*, 138 S. Ct. at1622. (citing *Scherk v. Alberto—Culver Co.,* 417 U.S. 506, 510 n.4 (1974). History and legal precedent confirm that the arbitration agreement should be enforced and this Court should issue a "stay," and compel Plaintiffs to arbitrate their claims.

A court facing a motion to compel arbitration is limited to assessing two "gateway" questions in determining whether a dispute is arbitrable: "(1) whether there exists a valid agreement to arbitrate at all under the contract in question ... and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement." *See Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001). But "[t]he Supreme Court has long recognized that so-called 'gateway' issues of arbitrability may be delegated to arbitrators rather than district courts." *Man Fong Wong v. 1st Disc. Brokerage, Inc.*, No. 10 CV 1487 ENV, 2011 WL 1298857, at *2 (E.D.N.Y. Jan. 6, 2011) (citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010).

Accordingly, this case should proceed to arbitration immediately and permit the arbitrator to assess whether there exists a valid agreement and whether the dispute is within the scope of that agreement – the "gateway" issues. *See Man Fong Wong* 2011 WL 1298857, at *2. If the Court does not delegate the determination of whether these "gateway" issues have been met, it should nonetheless compel arbitration. Here, it is readily apparent that the parties have entered into an enforceable and valid arbitration agreement. Secondarily, the agreement encompasses the claims asserted in Plaintiffs' Complaint. Specifically, Plaintiffs' allege the Defendants failed to pay overtime compensation, as well as provide wage notices and wage statements as required by the FLSA and NYLL. Clearly, these claims arise out of their employment with Bay Terrace. *Julius Baer & Co., Ltd. v. Waxfield Ltd.*, 424 F.3d 278, 281 (2d Cir. 2005). This court should "stay" proceedings and compel the Plaintiffs to pursue their claims in arbitration.

B.     There is a Valid Agreement Requiring that Plaintiff Arbitrate His Claims

The parties have entered into a valid and enforceable agreement to arbitrate their claims. The issue of whether parties have agreed to arbitrate claims is determined by state law. *Bell v. Cendant Corp.,* 293 F.3d 563, 566 (2d Cir 2002). Under New York law, "[a] contract may be formed by words or conduct that demonstrate the parties' mutual assent." *Manigault v. Macy's East, LLC,* 318 F. App'x 6, 8 (2d Cir. 2009) (citation omitted); *Volt Info. Scis. v. Bd. of Trs.of Leland Stanford univ.*, 489 U.S. 468, 479 (1989) ("Arbitration under the [FAA] is a matter of consent, not coercion . . . .").

It is readily apparent the parties entered into a valid and enforceable agreement to arbitrate their claims. Plaintiffs received, reviewed and "freely, voluntarily and without duress" signed the "Arbitration Agreement and Waiver of Class/Collective Actions" during the course of their employment with the Defendants. *See* Arbitration Agreement, annexed hereto as Exhibit E. Plaintiffs' cannot now, at the 11th hour decide to pursue claims in this forum.

Hon. Pamela K. Chen

October 16, 2018
Page | 5

    C.    <u>Plaintiffs' Claims are Within the Scope of the Agreement</u>

All of Plaintiffs' complaints arise under their employment with Bay Terrace and properly within the scope of the Arbitration Agreement. The Second Circuit has articulated a policy that favors arbitration and federal courts are directed to "construe arbitration clauses as broadly as possible." *Oldroyd v. Elmira Sav. Bank,* 134 F.3d 72, 76 (2d Cir.1998) (citation omitted). Accordingly, claims are entitled to a "presumption of arbitrability which is only overcome if it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that [it] covers the asserted dispute." *Calamia v. Riversoft, Inc.,* 2002 WL 31779991, at *3 (E.D.N.Y.2002) (citation omitted). Disputes regarding claims falling under the FLSA and overtime arise out of, or relating, to Plaintiffs' employment. *Bynum v. Maplebear Inc.,* 160 F. Supp. 3d 527, 541 (E.D.N.Y.), *cert. denied*, 138 S.Ct. 2581 (2018) ("Plaintiff cannot argue that her FLSA claims do not fall within the scope of the Agreement's arbitration clause. The arbitration agreement includes broad language, stating that 'the Parties agree that to the fullest extent permitted by law, any controversy, dispute, or claim arising out of or relating to the Services performed by the Contractors ... shall be submitted to arbitration.'") (citations omitted).

The Arbitration Agreement signed by Plaintiffs clearly states claims subject to arbitration, include, without limitation, claims arising under "the … Fair Labor Standards Act... New York wage and overtime laws, … and any other claims…arising out of or related to Employee's employment with, and/or the termination of his or her employment by, Employer." Therefore, Plaintiffs' claims in the present action clearly fall squarely within the scope of the Arbitration Agreement, which requires that covered claims "shall be exclusively decided by binding arbitration held pursuant to the Federal Arbitration Act ("FAA") before the American Association ("AAA) in New York County." As such, this Court should issue a "stay," and compel Plaintiffs to arbitrate their claims.

    D.    <u>This Case Should Be Stayed</u>

This Court must stay proceedings pending the outcome of arbitration. The Second Circuit has clearly indicated that "the text, structure, and underlying policy of the FAA mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested." *Katz v. Cellco P'ship,* 794 F.3d 341, 347 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 596 (2015). The plain language of the FAA specifies that the court "shall" stay proceedings pending arbitration, provided an application is made. *Id. See also Virk v. Maple-Gate Anesthesiologists, P.C.*, 657 F. App'x 19, 20–21 (2d Cir. 2016) (agreeing that the district court lacked discretion to dismiss the case under *Katz* as well as the plain language of 9 U.S.C. § 3. *See* § 3); *Crawley v. Macy's Retail Holdings, Inc.,* No. 15 CIV. 2228 (KPF), 2017 WL 2297018, at *6 (S.D.N.Y. May 25, 2017) ("because Plaintiff's EPA claim is her only remaining claim in this suit, the Court must stay this case pending the outcome of the parties' arbitration."). Furthermore, You Honor has generally issued "stays" after granting motions to compel. *Saizhang Guan v. Uber Techs., Inc.,* 236 F. Supp. 3d 711, 729 (E.D.N.Y. 2017)(Chen, P.) (granting Defendant's motion to compel arbitration and staying proceedings pending arbitration); *Kai Peng v. Uber Techs., Inc.,* 237 F. Supp. 3d 36, 60

9 Thurlow Terrace  
Albany, NY 12203-1005  
T 518.462.3000 F 518.462.4199

21 Main Street, Court Plaza South  
West Wing, Suite 158  
Hackensack, NJ 07601-7021  
T 201.287.2460 F 201.489.0495

477 Madison Avenue  
New York, NY 10022-5843  
T 212.455.9555 F 212.687.9044

2649 South Road  
Poughkeepsie, NY 12601-6843  
T 845.473.8100 F 845.473.8777

Hon. Pamela K. Chen

October 16, 2018
Page | 6

(E.D.N.Y. 2017) (same).  As such, this Court should issue a "stay," and compel Plaintiffs to arbitrate their claims.

## CONCLUSION

      For all of the foregoing reasons and based upon the authorities cited herein, this Court should grant Plaintiffs' motion to dismiss in its entirety, and deny Plaintiffs' motion for class certification and award Defendants such other and further relief as this Court deems just, proper and equitable under the circumstances.

Dated: Uniondale, New York
        October 16, 2018

        Respectfully submitted,
        RIVKIN RADLER LLP
        *Attorneys for Defendants*

By: */s/ Scott R. Green*
     Scott R. Green
     Keegan B. Sapp
     926 RXR Plaza
     Uniondale, New York 11556
     (516) 357-3110

cc: All parties via ECF

9 Thurlow Terrace
Albany, NY 12203-1005
T 518.462.3000  F 518.462.4199

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555  F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100  F 845.473.8777