# Helen F. Dalton & Associates, P.C.

ATTORNEYS AT LAW

69-12 Austin Street, Forest Hills, NY 11375 • Tel.: 718-263-9591 • Fax: 718-263-9598

October 31, 2018

**VIA ECF**
The Honorable District Judge Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Vargas, et al. v. Bay Terrace Plaza, et al.**
    **Docket No. 17-CV-7385 (PKC)(SJB)**

Dear Judge Chen:

We represent the Plaintiffs in the above-referenced matter and we submit this opposition to Defendants' October 16, 2018 letter motion to request an Order pursuant to the Fed. R. Civ. P. 12(b) and 9 U.S.C. §§ 3 and 4 to compel arbitration and stay proceedings ("Motion").

Plaintiffs' position is that the arbitration agreements ("Agreements") signed by Plaintiffs regarding their employment with Defendants are not enforceable and, as such, this matter should not be stayed and Plaintiffs should be able to litigate their claims before This Court. Plaintiffs adopt Defendants' Procedural History as provided in the Motion.

### ARGUMENT

**1. The Arbitration Agreements are Unenforceable as the Agreements' Statute of Limitations Provision Shortens the Limitations Period to Bring a Claim under the Fair Labor Standards Act ("FLSA") and Provide a Restriction on the FLSA Fee-Shifting Provision**

The Arbitration Agreements provided by Defendants in Exhibit E of the Motion state, in part, that "[T]o the extent permitted by law, arbitration must be initiated within one (1) year from the date a claim heretofore arose or hereinafter arises or shall forever be waived and all other proceedings barred."

The Second Circuit has made clear that the FLSA is a "uniquely protective statute" designed "to prevent abuses by unscrupulous employers and remedy the disparate bargaining power between employers and employees." *Cheeks v. Freeport Pancake*

*House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015). As such, any arbitration agreement that limits the protections of the FLSA must be declared unenforceable so as not to undermine its uniquely protective quality.

Federal courts have routinely concluded that arbitration provisions shortening the limitations period to bring FLSA claims are unenforceable. *Castellanos v. Raymours Furniture Co.*, 2018 U.S. Dist. LEXIS 40177 at *9 (E.D.N.Y. Mar. 12 2018).

This is not an arbitrable dispute; whether the Arbitration Agreements' statute of limitations is enforceable is an issue for this Court to decide. The issue of whether an arbitration agreement's limitations period is enforceable "falls squarely within the Court's province." *Castellanos,* 291 F. Supp. 3d 298, 2018 U.S. Dist. LEXIS 40177, *5 (*See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299, 130 S. Ct. 2847, 177 L. Ed. 2d 567 (2010)).

Federal courts have developed a "'judge-made' exception" to the FAA's mandate that arbitration agreements subject to that statute "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." This judge-made exception "allow[s] courts to invalidate agreements that prevent the 'effective vindication' of a federal statutory right." *Sutherland v. Ernst & Young*, 726 F.3d 290, 298 (2d Cir. 2013) (quoting *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. at 235). The Supreme Court clarified in *Italian Colors* that the effective vindication exception applies only where an agreement operates as a "prospective waiver of a party's *right to pursue* statutory remedies." Italian Colors Rest., at 236.

As such, the shortened limitations period here is unenforceable under the effective vindication exception. The Court in *Castellanos* reached the same conclusion. *Castellanos* at *13-14.

Furthermore, the Arbitration Agreements state that "[t]he parties agree that any judgment, order, or ruling arising out of a dispute between the parties shall...award costs incurred for the proceedings and reasonable attorneys' fees to the prevailing party."

In *Ouedraogo v. A-1 Int'l Courier Serv.*, Defendants made a similar motion to compel arbitration based on arbitration agreements. However, in *Ouedraogo*, Defendants conceded that to the extent the Agreement would preclude Plaintiff from recovering attorney's fees or remedies statutorily mandated by FLSA and NYLL, the Agreement would be unenforceable and the court agreed. *Ouedraogo v. A-1 Int'l Courier Serv.*, 2014 U.S. Dist. LEXIS 37694, *12 (S.D.N.Y. Mar. 21, 2014).

The court in *Ouedraogo* found the agreements enforceable, however, because they contained a severability clause so that this provision could be removed. *Id.* at *12. Without any severability clause in the instant Arbitration Agreements, this unenforceable clause should render the Arbitration Agreements unenforceable in their entirety.

The Court of Appeals in the Third Circuit has also held that provisions requiring parties to be responsible for their own expenses – including attorneys' fees – are unconscionable because restrictions on attorneys' fees conflict with federal statutes (such as the FLSA) providing fee-shifting as a remedy. *See Quilloin v. Tenet HealthSystem Phila., Inc.*, 673 F.3d 221, 230-231, 2012 U.S. App. LEXIS 5353, *18; *Spinetti v. Serv. Corp. Int'l*, 324 F.3d 212, 216 (3d Cir. 2003).

Arbitration agreements that attempt to shorten the statute of limitations afforded to employees and the amount of damages employees can claim under the FLSA run antithetical to the purpose of the statute and should not be enforceable based on the relevant case law in this Circuit. Additionally, arbitration agreements, like the ones at issue here, that require plaintiffs to pay defendants' attorneys should they not prevail in arbitration contrary to the fee-shifting provisions of the FLSA, must also be deemed unenforceable. Neither of these provisions can be severed from the Arbitration Agreements, as the Arbitration Agreements do not contain a severability clause. As such, these provisions must render the entire agreement unenforceable.

Lastly, undermining the Arbitration Agreement in its entirety, the Agreement plainly states that "the parties consent to the jurisdiction of the Supreme Court of the State of New York and the United States District Court for the Southern District of New York in connection with any application by any party for equitable or injunctive relief." Plaintiffs seek equitable relief in this matter and this Agreement clearly states that the parties have consented to either local state or federal courts to have jurisdiction over any such application.

**2. The Arbitration Agreements are Unenforceable as a Matter of Contract Law**

The FAA permits denial of enforcement of an arbitration agreement "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. However, whether a valid arbitration agreement exists is a question of state contract law. *See Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004) ("Whether one can be bound by an arbitration clause is usually determined by looking at generally accepted principles of contract law."). *Sinnett v. Friendly Ice Cream Corp.*, 319 F. Supp.2d 439, 443 (S.D.N.Y. 2004).

Under general contract principles a party is bound by the provisions of a contract that he signs, unless he can show special circumstances that would relieve him of such an obligation. *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 845, 1987 U.S. App. LEXIS 4393, *11.

Although Defendants baselessly assert that "Plaintiffs received, reviewed, and 'freely, voluntarily and without duress' signed the [Arbitration Agreements] during the course of employment with the Defendants," they cite to affidavit or other documentation in support of this claim. In fact, Plaintiffs have provided an affidavit that completely undermine Defendants' assertion.

Plaintiff Leandro Rivera has provided an affidavit attached hereto as Exhibit A that raises serious concerns about whether Plaintiffs intended to be bound by these Arbitration Agreements. Plaintiffs do not read English and these agreements were not translated nor explained to Plaintiffs at the time of signing. Furthermore, Plaintiffs did not have an opportunity to ask questions about these agreements and were told to sign these agreements in order to begin working for Defendants. Plaintiffs were not aware that they would be waiving any rights, including bringing a lawsuit or joining a class action.

Furthermore, these Agreements clearly fall within the ambit of "abuses by unscrupulous employers" as a result of "the disparate bargaining power between employers and employees" as articulated by The Court in *Cheeks*. Defendants used their superior bargaining power to force Plaintiffs into signing a document which was never explained nor translated to them. Plaintiffs were under the impression that they had to sign these documents in order to work for the Defendants and had no understanding of the rights that they would be surrendering by signing these documents.

### 3. If the Court were to Grant Defendants' Motion to Compel Arbitration, Plaintiffs Would not be Able to Pursue Arbitration as the Limitations Period in the Arbitration Agreements has Expired

As alleged in Plaintiffs' Complaint, attached to Defendants' Motion as Exhibit A, Plaintiffs' employment with Defendants ended in or around July 2017. The Arbitration Agreements states that "arbitration must be initiated within one (1) year from the date a claim heretofore arose or hereinafter arises or shall forever be waived and all other proceedings barred."

Based on the above language, Plaintiffs would have to had initiate arbitration by July 2018, a date which has now passed. If Defendants' Motion were to be granted, it would create an extremely inequitable and draconian result: Plaintiffs would no longer have any forum for which to pursue their wage-and-hour claims despite the fact that Plaintiffs' claims were filed within the three-year statute of limitations set by the FLSA.

### CONCLUSION

In light of the fact that these Arbitration Agreements are both substantively unconscionable and procedurally unconscionable and compelling arbitration would effectively bar Plaintiffs from pursuing their claims in any forum, the Court must find that the agreements are unenforceable. As such, Plaintiffs respectfully request that Defendants' Motion requesting to compel arbitration and to stay proceeding be denied in its entirety.

We thank Your Honor for her consideration on this matter.

Respectfully submitted,

__/s/_____
Roman Avshalumov, Esq.
James O'Donnell, Esq.
Helen F. Dalton & Associates, P.C.
69-12 Austin Street
Forest Hills, New York 11375
(T): 718-263-9591