

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**SCOTT R. GREEN**
PARTNER
(516) 357-3139
scott.green@rivkin.com

November 6, 2018

**VIA ECF**

Hon. Pamela K. Chen
U.S. District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Vargas, et al v Bay Terrace Plaza, et al.
              Docket No. 1:17-cv-07385-PKC-SJB

Your Honor:

      Pursuant to Your Honor's Individual Motion Practice and Order dated April 10, 2018, we write on behalf of Defendants Bay Terrace Plaza LLC, ("Bay Terrace") Steve Menexas, and Daniel Steinberger (collectively, "Defendants") to reply to Cesar Tello Vargas and Leandro Rivera's ("Plaintiffs") opposition to Defendants request for an Order pursuant to the Fed. R. Civ. P. 12(b) and 9 U.S.C. §§ 3 and 4 to compel arbitration and stay proceedings, together with such other, further and different relief as this Court may deem just and proper in the circumstance and cost and disbursements of this letter motion.

      Briefly, Plaintiffs' arguments are simply irrelevant in the context of compelling arbitration. First, the arbitrator should decide the enforceability of substantive statutory rights, even if those rights are inconsistent with contractual obligations. Second, an arbitration agreement is not void simply because certain provisions could be inconsistent with statutory rights. Third, and contrary to Plaintiffs' argument, the Plaintiffs frequently communicated with the Defendants in English. Additionally, an arbitration agreement is not void simply because the Plaintiffs claim the inability to understand the language used in the agreement. For the foregoing reasons, and as further discussed below, the Defendants respectfully request that this Court grant its motion to compel arbitration and stay proceedings.

## ARGUMENT

      A.    <u>The Arbitrator Should Decide The Enforceability of Certain Provisions Contained in an Arbitration Agreement</u>

      Contrary to Plaintiffs' contention, arbitrators are perfectly capable of protecting statutory rights under the FLSA. The arbitrator should decide to enforce substantive statutory rights, even if those rights are inconsistent with the contractual obligations. *See PacifiCare Health Sys., Inc. v. Book,* 538 U.S. 401, 407, 123 S.Ct. 1531, 155 L.Ed.2d 578 (2003); *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer,* 515 U.S. 528, 541, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995). This includes notice provisions limiting the period by which a plaintiff may raise a claim under the FLSA. *Ciago v. Ameriquest Mortg. Co.,* 295

Hon. Pamela K. Chen

November 6, 2018
Page | 2

F.Supp.2d 324, 333 (S.D.N.Y. 2003)("it is for the arbitrator to construe the notice provision of the Arbitration Agreement and determine whether it impermissibly interferes with plaintiff's federal statutory rights."); *Reyes v. Gracefully, Inc.*, No. 17-CV-9328 (VEC), 2018 WL 2209486, at *7 (S.D.N.Y. May 11, 2018)(severing the notice provision and submitting the limitations period for the Arbitrator); *Howard v. Anderson*, 36 F. Supp. 2d 183, 186 (S.D.N.Y. 1999)("[i]n an effort to further the liberal policy favoring arbitration agreements ... the Court leaves the vindication of [the plaintiff's] statutory rights to the arbitrator."); *see also Bailey v. Ameriquest Mortg. Co.,* 346 F.3d 821, 824 (8th Cir.2003)(holding that the arbitration agreement applied to FLSA claims even though it limited damages and included a cost-sharing provision).

Arbitrators also have the authority to determine whether the cost-shifting provision adequately protects the Plaintiffs' statutory rights. *PacifiCare Health Sys., Inc.* 538 U.S. 401 at 407 (2003). Indeed, courts have routinely held that the arbitrator ultimately decides the burden and cost associated with litigation. *Green Tree Fin. Corp. Alabama v. Randolph*, 531 U.S. 79, 92 (2000); *see also Stewart v. Paul, Hastings, Janofsky & Walker, LLP*, 201 F. Supp. 2d 291, 293–94 (S.D.N.Y. 2002).

Accordingly, the arbitrator should construe the enforceability of specific provisions in the arbitration agreement. Specifically, arbitrators not only have the authority, but are also capable of applying protective statutory rights. *Ciago* 295 F.Supp.2d at 333 (S.D.N.Y. 2003). Regardless, even if an arbitrator imposes obligations or costs on the Plaintiffs preventing the vindication of certain rights, the Plaintiffs may raise those issues with the court upon the entry of the arbitration award. *Id.* Accordingly, this Court should allow the arbitrator to determine the enforceability of the provisions contained in the arbitration agreement.

  B. <u>The Case Should Proceed To Arbitration</u>

While the arbitrator retains the authority to determine the enforceability of provisions contained in an arbitration agreement, if this Court decides the issue it should nevertheless sever any unenforceable provision and compel arbitration. The Second Circuit has instructed that the "appropriate remedy when a court is faced with a plainly unconscionable provision of an arbitration agreement—one which by itself would actually preclude a plaintiff from pursuing her statutory rights—is to sever the improper provision of the arbitration agreement, rather than void the entire agreement." *See Castellanos v. Raymours Furniture Company, Inc.,* 291 F.Supp.3d 294 (E.D.N.Y. 2018)(citing *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 125 (2d Cir. 2010).

As an initial matter, the cost-sharing provision in the arbitration agreement is enforceable. The provision states in relevant part that the prevailing party shall be awarded "costs incurred from the proceedings and reasonable attorneys' fees." The cost-sharing provision, and the FLSA's fee-shifting provision, both provide the prevailing party reasonable attorney's fees and costs. Accordingly, the cost-sharing provision contained in the arbitration agreement is enforceable.

In any event, regardless of the enforceability of the provisions contained in the arbitration agreement, the matter must still proceed to arbitration. The Court may merely sever the provisions it believes violates statutory rights and compel arbitration. *See Castellanos* 291 F.Supp.3d 294 at 230 (2018).

9 Thurlow Terrace
Albany, NY 12203-1005
T 518.462.3000 F 518.462.4199

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

Hon. Pamela K. Chen

November 6, 2018
Page | 3

      C.      The Arbitration Agreement Is Enforceable Under Contract Law

Finally, Plaintiffs' argument that their alleged inability to speak English negates assent to the arbitration agreement is without merit simply because Plaintiffs regularly communicated in English. As evidenced by the text messages attached here the Plaintiffs clearly understands and communicates in English.[1] Accordingly, the Plaintiffs' reviewed and entered into the arbitration agreement voluntarily and agreed to its' terms and conditions.

Notably, the Defendants grasp of the English language is irrelevant to bind them to the arbitration agreement. It is well-settled in New York that the Plaintiffs' inability to understand the English language, alone, is insufficient to avoid the terms and conditions under an agreement. *See Victorio v. Sammy's Fishbox Realty Co.,* 2015 WL 2152703, at *11 (S.D.N.Y. May 6, 2015)("[a]n inability to understand the English language, without more, is insufficient to avoid" contractual obligations). Furthermore, where a party does not understand English he or she must "mak[e] a reasonable effort to have the document explained to him." *Ragone v. Atl. Video at Manhattan Ctr.,* 595 F.3d 115, 122 (2d Cir. 2010). As such, irrespective of the Plaintiffs ability to understand English they are still contractually obligated to pursue their claims in arbitration. Indeed, even if the Plaintiffs did not understand the arbitration agreement and the terms and conditions contained therein, they should have made a "reasonable effort to have the document explained." *Id.*

## CONCLUSION

For all of the foregoing reasons and based upon the authorities cited herein, this Court should grant Plaintiffs' motion to dismiss in its entirety, and deny Plaintiffs' motion for class certification and award Defendants such other and further relief as this Court deems just, proper and equitable under the circumstances.

Dated:  Uniondale, New York
          November 6, 2018

                                            Respectfully submitted,
                                            RIVKIN RADLER LLP
                                            *Attorneys for Defendants*

                                By:  */s/ Scott R. Green*
                                            Scott R. Green
                                            Keegan B. Sapp
                                            926 RXR Plaza
                                            Uniondale, New York 11556
                                            (516) 357-3110

cc: All parties via ECF

---

[1] *See* Text messages by and between Cesar Vargas and Leo, dated June 2017, annexed hereto as exhibit A.

9 Thurlow Terrace     21 Main Street, Court Plaza South     477 Madison Avenue     2649 South Road
Albany, NY 12203-1005     West Wing, Suite 158     New York, NY 10022-5843     Poughkeepsie, NY 12601-6843
T 518.462.3000 F 518.462.4199     Hackensack, NJ 07601-7021     T 212.455.9555 F 212.687.9044     T 845.473.8100 F 845.473.8777
    T 201.287.2460 F 201.489.0495