UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CESAR TELLO VARGAS and LEANDRO
RIVERA, *individually and on behalf of all
other similarly situated*,

                      Plaintiffs,

          - against -

BAY TERRACE PLAZA LLC, d/b/a ALLOR
ITALIAN KITCHEN & BAR, STEVE
MENEXAS, and DANIEL STEINBERGER,

                      Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
17-CV-7385 (PKC) (SJB)

PAMELA K. CHEN, United States District Judge:

On April 20, 2022, Cesar Tello Vargas and Leandro Rivera ("Plaintiffs") filed the instant motion to dismiss this action without prejudice pursuant to Rule 41(a)(2) of Federal Rules of Civil Procedure. For the reasons stated below, Plaintiffs' motion is granted and this case is dismissed without prejudice.

## BACKGROUND

Plaintiffs[1] commenced this action on December 19, 2017 against Bay Terrace Plaza LLC ("Bay Terrace") and Steve Menexas and Daniel Steinberger ("Individual Defendants") (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act and New York

---

[1] Although Plaintiffs brought this action on behalf of themselves and "others similarly situated" as a collective action under the Fair Labor Standards Act ("FLSA"), they are currently the only plaintiffs in this action. (*See* Complaint, Dkt. 1, at 1.) "Collective actions under the FLSA require putative class members to 'opt in' to the case." *Romero v. Floris Constr., Inc.*, No. 16-CV-4282 (PKC) (RLM), 2017 WL 5592681, at *2 n.2 (E.D.N.Y. Nov. 20, 2017). Since no other parties have consented to the litigation as required by 29 U.S.C. § 216(b), the Court treats this case as one brought only by Plaintiffs Vargas and Rivera. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

1

Labor Law. (*See* Complaint, Dkt. 1.) Defendants answered on April 19, 2018. (*See* Answer, Dkt. 20.) In May 2019, the Honorable Sanket J. Bulsara granted Defendants' motion to compel arbitration and ordered a stay of this case pending resolution of arbitration. (*See* Dkt. 28; 5/13/2019 Order Staying Case.)

While the case was stayed, two relevant events unfolded out of this Court. First, in September 2019, Defendants' counsel, Rivkin Radler LLP ("Rivkin Radler"), initiated an action against Defendants in state court to recover legal fees.[2] (*See* Declaration of Kenneth A. Novikoff, Dkt. 46, ¶ 5.) While that action was discontinued by stipulation, in November 2021, the Individual Defendants, together with others, initiated an action against Rivkin Radler in state court alleging, among other things, malpractice and breach of contract. (*Id.* ¶ 7.) Second, on March 21, 2019, shortly before Judge Bulsara issued the stay order, Defendant Bay Terrace commenced a voluntary chapter 11 proceeding in bankruptcy court, which was later converted to a chapter 7 proceeding. (*See* Declaration of Roman Avshalumov ("Avshalumov Decl."), Dkt. 51, ¶¶ 11–12.) On November 9, 2021, the chapter 7 proceeding was closed with zero distribution to claimants, and the automatic stay lifted. (*See* Dkt. 46-2; Avshalumov Decl. Dkt. 51, ¶¶ 19–20.)

On January 28, 2022, in response to the Court's order directing the parties to submit a status report (*see* 1/21/2022 Docket Order), Plaintiffs requested a status conference (*see* Dkt. 39). Judge Bulsara held a status conference on February 8, 2022, where counsel for all parties were present. (*See* 2/8/2022 Minute Entry and Order). "However, [because] counsel were not prepared

---

[2] On July 17, 2020, Rivkin Radler filed a motion to withdraw as counsel to Defendants in this action. (*See* Dkt. 33.) Judge Bulsara denied Rivkin Radler's motion citing the order to stay pending arbitration and the limitations imposed by the automatic bankruptcy stay, which was in place at the time, as discussed *infra*. (*See* 7/20/2022 Docket Order.)

for the conference and unable to provide a cogent status report about the resolution of the bankruptcy proceeding or any pending arbitration," Judge Bulsara scheduled another status conference for March 7, 2022. (*Id.*)

On March 4, 2022, the parties filed a one-page joint letter requesting adjournment of the status conference and "that the matter be dismissed" "without prejudice, pursuant to Federal Rule Civ. P. 41." (*See* Dkt. 44, at ECF[3] 1.) The parties argued that a dismissal "is warranted as there are no counterclaims or cross claims by defendants, and dismissal is just under the circumstances as Plaintiffs elected not to pursue their claims in [a]rbitration against the" Defendants. (*Id.*) Judge Bulsara adjourned the status conference *sine die*, but advised the parties that "dismissal of the action . . . cannot be accomplished via letter" and directed them "to file a notice, stipulation, or motion for dismissal pursuant to Rule 41, as appropriate to each plaintiff and defendant, in light of their particular procedural posture in the case." (*See* 3/4/2022 Docket Order.) Because the parties did not file a notice, stipulation, or motion for dismissal, Judge Bulsara held another status conference on April 13, 2022, where counsel for all parties were present. (*See* 4/13/2022 Minute Entry and Order.) After hearing from the parties regarding the procedural difficulties of voluntary dismissal under Rule 41(a)(1), Judge Bulsara ordered Plaintiffs "to file a motion consistent with Fed. R. Civ. P. 41(a)(2)." (*Id.*)

On April 20, 2022, Plaintiffs filed the instant motion to dismiss this action without prejudice pursuant to Rule 41(a)(2). (*See* Dkts. 50, 51.) Defendants have not filed any opposition.

---

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

## DISCUSSION

Rule 41(a)(2) of Federal Rules of Civil procedure "provides that, except where all parties agree to a stipulation of dismissal, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) (internal quotation marks omitted). "Unless the order states otherwise, a dismissal under this [Rule] is without prejudice." Fed. R. Civ. P. 41(a)(2). "[T]he presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01-CV-9649, 2006 WL 3456521 (JFK), at *2 (S.D.N.Y. Nov. 30, 2006) (internal quotation marks and citation omitted). The Second Circuit has set forth the following factors in analyzing prejudice to the defendant: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (quoting *Zagano*, 900 F.2d at 14).

Applying the factors set forth above, the Court finds that dismissal without prejudice pursuant to Rule 41(a)(2) is appropriate here. First, while the parties' conduct in this case has not been exemplary with respect to timeliness and diligence, Plaintiffs "were not dilatory in bringing the motion" after Judge Bulsara so ordered them to do at the April 13, 2022 status conference, and "did so in order to facilitate an end to the litigation." *Catanzano v. Wing*, 277 F.3d 99, 110 (2d Cir. 2001). Second, "the motion was not made to harass or annoy," *id.*, and "there appears to be no 'undue vexatiousness' on the plaintiffs['] part," *Mercer Tool Corp. v. Friedr. Dick GmbH*, 175 F.R.D. 173, 176 (E.D.N.Y. 1997). In fact, defense counsel was present at both conferences where

4

the parties discussed the status of this case and its dismissal, the initial letter requesting dismissal was filed jointly, and Defendants have not objected to Plaintiffs' present motion.  Third, "although the litigation has gone on for years, [Plaintiffs' claims have] thus far not been litigated and only halting discovery has taken place."  *Catanzano*, 277 F.3d at 110.  Fourth, relitigation of Plaintiffs' claims is unlikely because, as Plaintiffs concede, "the proper forum for Plaintiffs to proceed against Defendants is in [a]rbitration" and "[i]in light of the costs and burdens involved with . . . [a]rbitration, and the unlikely prospects of Plaintiffs receiving any ultimate recovery on their claims[,] . . . Plaintiffs have decided not to" proceed with arbitration.  (Avshalumov Decl., Dkt. 51, ¶¶ 35–38.)  Moreover, "relitigation of this claim would not be duplicative since it has barely been litigated at all."  *Catanzano*, 277 F.3d at 110.  Lastly, "Plaintiffs' explanation, that they have brought the motion in order to facilitate an end to the litigation," especially in light of the Defendant Bay Terrace's bankruptcy and the state court litigation between Defendants and their counsel of record, Rivkin Radler, "is adequate."  *Id.*

Accordingly, the Court finds that, in applying the *Zagano* factors, voluntary dismissal of this case without prejudice is appropriate.

## CONCLUSION

Plaintiffs' motion to dismiss this action without prejudice pursuant to Rule 41(a)(2) of Federal Rules of Civil Procedure is granted.  The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 24, 2022
      Brooklyn, New York

5